NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FABRICIO CASTRO-LOPEZ, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 15-71530 Agency No. A087-906-710 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2021[**]

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Fabricio Castro-Lopez, a native and citizen of Peru, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Castro-Lopez failed to establish that he would be persecuted on account of a protected ground.[1] *See Lolong v. Gonzales*, 484 F.3d 1173, 1179 (9th Cir. 2007) (en banc) (holding that "a general, undifferentiated claim" of civil strife does not render an applicant eligible for asylum). Thus, Castro-Lopez's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**

---

[1] Because substantial evidence supports the finding that Castro-Lopez and his family were victims of general strife during a civil war and faced the same risk as everyone else in the population, we do not reach his contention that the agency failed to analyze whether he belongs to a cognizable particular social group. "As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (internal quotation marks omitted).